**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Finite Management LLC, et al., | No. CV-23-02479-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| OtoPilot LLC, et al., | |
| Defendants. | |

Plaintiffs filed Motions for Default Judgment against Defendants OtoPilot, LLC and Daniel Rodriguez ("Defaulted Defendants") (Docs. 52, 53). Both Defaulted Defendants have not filed a response. For the reasons set forth below, the Court will grant the motions in part and deny them in part and direct entry of default judgment against Defendants OtoPilot, LLC and Daniel Rodriguez in the amount of $183,336.46.

## BACKGROUND

Plaintiffs filed this action alleging Defendants OtoPilot, LLC, Daniel Rodriguez, and Robert Rodriguez breached numerous agreements and committed fraud with respect to these agreements. (*See* Doc. 1, "Compl."). Plaintiffs Finite Management LLC and Finite Solar Finance Fund are two investment companies in the clean energy industry that extend loans to small enterprises to finance solar energy projects. (*Id.* ¶ 1). They allege the following facts in the Complaint. Defendant OtoPilot, LLC, through its principal, Defendant Daniel Rodriguez, approached Plaintiffs seeking a loan for a solar energy project. (*Id.* ¶ 2). In November 2022, Finite Solar Finance Fund lent OtoPilot, LLC

$75,000.00 pursuant to a Loan Agreement, accompanied by a Promissory Note and two Guaranty Agreements. (*Id.*). The Guaranty Agreements, signed by Daniel Rodriguez and Robert Rodriguez, guaranteed repayment to Plaintiffs. (*Id.*).

In August 2023, in connection with the conversion of the Finite Solar Finance Fund into a private entity, Plaintiff Finite Management LLC and Defendant OtoPilot, LLC agreed to refinance the outstanding loan with a second loan of $80,000 that OtoPilot, LLC would use to immediately repay the first loan. (*Id.* ¶ 3). Plaintiffs allege OtoPilot, LLC failed to repay any of the outstanding principal on either loan. (*Id.* ¶ 4). Instead, Plaintiffs allege Daniel Rodriguez absconded with the proceeds of both loans and has evaded their attempts to locate him. (*Id.*). In pursuing repayment from Robert Rodriguez in September 2023, Plaintiffs were told the original Guaranty Agreement was a forgery that Robert Rodriguez did not sign himself and had no prior knowledge of the transaction. (*Id.* ¶ 5). Plaintiffs brought this action on November 29, 2023 seeking a judgment to recover its unpaid principal and interest pursuant to both loans and tort remedies under claims for fraudulent inducement. (*Id.* ¶ 7).

Plaintiffs executed service upon Robert Rodriguez on January 23, 2024. (Doc. 13). He filed an Answer on March 7, 2024 stating, in relevant part, that (1) his Employee Identification Number (EIN) was fraudulently used to obtain financing from Plaintiffs, (2) he is the victim of identity theft, and (3) Plaintiffs have no verified signed documents with his signature or mailing address on them. (Doc. 33). Service as to Defaulted Defendants was executed on June 25, 2024 due to Plaintiffs' delays in complying with service procedures. (Docs. 43, 46, 47). Defaulted Defendants failed to answer or otherwise participate in the case. Plaintiffs filed applications for entry of default against Defaulted Defendants on July 22, 2024. (Docs. 48, 49). The Clerk entered default against both non-participating defendants the following day. (Doc. 50). On July 26, 2024, Plaintiffs filed the instant motions for default judgment against Defendants OtoPilot, LLC and Daniel Rodriguez. (Docs. 52, 53).

**JURISDICTION**

When a party seeks default judgment "against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court has diversity jurisdiction over this action because it is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The Court also has personal jurisdiction over Defendants. Plaintiff's claims arise from Defendant's alleged conduct purposefully directed into Arizona. (Compl. at ¶¶ 12-13).

**DEFAULT JUDGMENT**

Once default is entered, the Court may enter default judgment under Rule 55(b). Deciding to grant default judgment is discretionary and the Court must consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount in controversy; (5) the possibility of factual dispute; (6) whether the default was due to excusable neglect; and (7) the strong preference to decide cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

**I.    Factor (1): Prejudice to Plaintiff**

In light of Plaintiffs' claims that Defendant Daniel Rodriguez absconded with the proceeds of the loan, Plaintiffs have no obvious alternative recourse without a judgment. This factor weighs in favor of default judgment. *See Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, *3 (D. Ariz. Mar. 27, 2020).

**II.    Factors (2) and (3): Merits of the Claim and Sufficiency of the Complaint**

The second and third *Eitel* factors, taken together, require courts to consider whether Plaintiffs have stated a claim on which they may recover. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Trident Invest. Partners Inc. v. Evans*, No. CV-20-01848-PHX-DWL, 2021 WL 75826, *3 (D. Ariz. Jan. 8, 2021) (quoting *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019)). In

considering these factors, the complaint's factual allegations are taken as true, but Plaintiffs must establish all damages sought. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). For the reasons below, these factors weigh in favor of default judgment on all claims against Defaulted Defendants.

### A. *Breach of Contract*

The Complaint alleges breaches of various contracts entered into by Plaintiffs and Defendants OtoPilot, LLC and Daniel Rodriguez: the Term Loan Agreement (Count I against both Defendants); the Refinancing Agreement (Count II against both Defendants); and the Guaranty Agreement (Count III against Defendant Daniel Rodriguez). Because the Motions do not apply to Defendant Robert Rodriguez, the Court will not address the single claim applicable to him.

Under Delaware law[1], the three elements of a breach of contract claim are (1) a contractual obligation, (2) a breach of that obligation, and (3) a resulting damage to the plaintiff. *Connelly v. State Farm Mut. Auto. Ins. Co.*, 135 A.3d 1271, 1279 n.28 (Del. 2016). Plaintiff has sufficiently stated claims for breach of contract with respect to all three agreements. The Term Loan Agreement, effective November 29, 2022, was executed between OtoPilot, LLC and Finite Solar Finance Fund. (Compl. ¶ 31). Defendants allegedly breached the Term Loan Agreement "by failing to pay as agreed, including by failing to repay the balance due under the Term Loan Agreement using the proceeds from the Refinanc[ing] Agreement." (*Id.* ¶ 34). Also executed on November 29, 2022 by the parties was the Guaranty Agreement which Defendant Daniel Daniel Rodriguez allegedly breached "by absconding and thereby refusing to honor the Guaranty Agreement." (*Id.* ¶ 42, 44). Further, Plaintiffs allege the Refinancing Agreement between Plaintiffs and Defendants was a valid, oral contract formed in August 2023, and Defendants OtoPilot, LLC and Daniel Rodriguez breached it "by failing to use the proceeds to repay the balance due under the Loan Agreement and by failing to pay as agreed." (*Id.* ¶ 37, 39). As a result of Defendants' breaches, Plaintiffs were harmed in the amount of the outstanding principal

---

[1] The agreements at issue provide they "shall be construed in accordance with, governed by and enforced under the laws of the State of Delaware." (Compl. at Ex. 1).

- 4 -

balance and unpaid interest that continues to accrue, along with the amount of the guaranty agreed to. (*Id.* ¶ 35, 40, 45). Plaintiffs attached copies of all three agreements to the Complaint. (*Id.* at Exs. 1, 2(a), 2(b)). Accepting Plaintiffs' allegations as true, they are sufficient to support multiple claims for breach of contract.

### B. *Fraudulent Inducement*

The Complaint further alleges two claims of fraudulent inducement against Defendants as to the Loan Agreement and Guaranty Agreement (Count V) and the Refinancing Agreement (Count VI).

Under Delaware law, the elements of fraudulent inducement are "(1) a false statement or misrepresentation; (2) that the defendant knew was false or made with reckless indifference to the truth; (3) the statement induced the plaintiff to enter the agreement; (4) the plaintiff's reliance was reasonable; and (5) the plaintiff was injured as a result." *In re Student Fin. Corp.,* 2004 WL 609329, at *7 (D. Del. Mar. 23, 2004) (citing *Lord v. Sander,* 748 A.2d 393, 402 (Del. 2000)).

Plaintiffs have sufficiently stated claims for fraudulent inducement with respect to all three agreements. Plaintiffs alleged Defendant Daniel Rodriguez made oral and written representations to Plaintiffs that Robert Rodriguez would execute the Guaranty Agreement. (Compl. at ¶¶ 52-53). These representations were false and material because Plaintiffs would not have executed the Loan Agreement without the simultaneous execution of the Guaranty Agreement with Robert Rodriguez. (*Id.* at ¶ 55). Moreover, Daniel Rodriguez allegedly knew the statements were false and forged Robert Rodriguez's signature on the Guaranty Agreement on November 29, 2022. (*Id.* at ¶ 56). Daniel Rodriguez intended that Plaintiffs rely on his representations, and they did in fact rely on them, causing Plaintiffs injury. (*Id.* at ¶ 57-59). The same is true with respect to the Refinancing Agreement. (*Id.* at ¶ 62-70). Accepting Plaintiffs' allegations as true, they are sufficient to support multiple claims for fraudulent inducement.

### III. Factor (4): Amount in Controversy

Returning to the *Eitel* factors, the next factor is the sum of money at stake. This

factor requires the court to consider the amount of money at stake in relation to the seriousness of Defendants' conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiffs seek $871,009.31 in damages, comprising of unpaid loan principal and accrued interest, pre-judgment interest, costs, punitive damages, and attorney's fees. (Mot. at 1) "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, *4 (D. Ariz. Mar. 27, 2020) (quoting *Bd. of Trustees v. Core Concrete Const., Inc.*, 2012 WL 380304, *4 (N. D. Cal. 2012)). This factor weighs against default judgment because the sum of money requested by Plaintiffs is exorbitant in relation to the value of the contracts.

### IV. Factor (5): Dispute Concerning Material Facts

Defendants failed to respond to the factual allegations in the Complaint. "Because upon entry of default, all well-pleaded facts in the complaint are taken as true, the fifth factor weighs in favor of default judgment when the claims in the complaint are well-pleaded." *Durland v. Straub*, Case No. 3:20-cv-00031-IM, 2022 WL 2704169, at *7 (D. Or. July 12, 2022). This factor supports default judgment.

### V. Factor (6): Excusable Neglect

There is no evidence in the record to suggest that Defaulting Defendants' failure to appear was the result of excusable neglect. Defaulting Defendants failed to file an answer or otherwise participate in the case despite being properly served. This factor supports default judgment.

### VI. Factor (7): Policy Favoring Judgment on the Merits

This factor generally weighs against default judgment. *See Zekelman Indus. Inc.*, 2020 WL 1495210, at *4. This is particularly true when a claim against a non-defaulting defendant remains. *Deveraux v. Sison*, 2020 WL 5725183, at *1 (D. Ariz. Sept. 23, 2020) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (stating a court should not enter judgment until the matter with all similarly situated defendants is adjudicated in order to avoid incongruous judgments). Here, however, while a breach of contract claim against

Defendant Robert Rodriguez will remain after judgment is entered against Defaulted Defendants, there is no possibility of a future incongruous judgment because Robert Rodriguez and Defaulted Defendants are not similarly situated in their positions. The claim against Robert Rodriguez was alternatively pled.

Robert Rodriguez asserts his signature was forged on the Guaranty Agreement. Indeed, Plaintiffs may not recover on both the fraudulent inducement claim against Defaulted Defendants and the breach of contract claim against Robert Rodriguez. The election of remedies doctrine provides that a party who has two co-existing but inconsistent remedies and elects to pursue one remedy to a conclusion may not sue for the other remedy. 25 AM. JUR. 2D *Election of Remedies* § 1. By moving for default judgment on the fraudulent inducement claim against Defaulted Defendants, Plaintiffs have elected their remedy. *See Roul v. George*, No. 2:13-CV-01686-GMN, 2014 WL 1308607, at *4 (D. Nev. Mar. 10, 2014), *report and recommendation adopted*, No. 2:13-CV-01686-GMN, 2014 WL 1305044 (D. Nev. Mar. 28, 2014) ("To the extent that claims alternatively pled give rise to the same damages, plaintiffs may only make a single recovery, with the court having the ultimate authority to elect between the alternative theories."). Thus, Plaintiffs shall show cause as to why the breach of contract claim against Defendant Robert Rodriguez (Count IV) should not be dismissed in light of this order granting default judgment on Plaintiffs' fraudulent inducement claim (Count V), pled alternatively, and the election of remedies doctrine. *See* 25 AM. JUR. 2D *Election of Remedies* § 6 ("If a party has obtained full satisfaction of judgment by means of one remedy, then, under the doctrine of election of remedies, it can no longer seek alternative ones that were originally available.").

**VII. Conclusion**

The relevant *Eitel* factors support entering default judgment in this case. The Court will grant Plaintiffs' motion and enter default judgment accordingly.

**DAMAGES**

As noted above, a movant for default judgment must establish all damages sought

in the Complaint. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). "[A] default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). Plaintiffs seek compensatory damages, punitive damages, and attorneys' fees and costs in the sum of $871,009.31. The Court will discuss each category in turn.

### I. Compensatory Damages

Plaintiffs seek the unpaid loan principal amount of $161,000.00 ($81,000.00 under the Loan Agreement and the Guaranty Agreements and $80,000.00 under the Refinancing Agreement) and pre-judgment interest at the contract rate of 12% per annum, *i.e.*, a daily rate of $52.93 from September 6, 2023 to the day judgment is entered.

Delaware law provides "the standard remedy for breach of contract is based on the reasonable expectations of the parties that existed before or at the time of the breach." *Siga Tech., Inc. v. PharmAthene, Inc.*, 132 A.3d 1108, 1132-33 (Del. 2015). These damages "are designed to place the injured party ... in the same place as he would have been if the contract had been performed. Such damages should not act as a windfall." *Paul v. Deloitte & Touche, LLP*, 974 A.2d 140, 146 (Del. 2009). Accordingly, "the non-breaching party is entitled to recover 'damages that arise naturally from the breach or that were reasonably foreseeable at the time the contract was made.'" *Id.* (internal citation omitted).

Plaintiffs are entitled to compensatory damages in amount of the outstanding balances owed to them under the Term Loan Agreement and the Refinancing Agreement ($161,000.00), plus interest at the daily rate of $52.93 for 422 days[2] pursuant to the contracts ($22,336.46). Together, Plaintiffs shall be awarded compensatory damages in the sum of $183,336.46.

### II. Punitive Damages

Plaintiffs also seek punitive damages in the sum of $644,000.00 in connection with their fraudulent inducement causes of action that Defendants acted "wantonly, recklessly,

---

[2] This is the number of days between September 6, 2023 (the date of breach) and November 1, 2024 (the date of default judgment entry).

with ill-will and with reckless indifference to the rights of [Plaintiffs]." This amount is four-times the requested award of compensatory damages.

Under Delaware law, "[p]unitive damages are only awarded in situations of 'willful and outrageous' conduct that flows from 'evil motive or reckless indifference to the rights of others.'" *Lincoln Nat. Life Ins. Co. v. Snyder*, 722 F. Supp. 2d 546, 566 (D. Del. 2010) (internal citation omitted); *see Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1076–77 (Del. 1983) (stating punitive damages may be recover in tort "[i]f the fraud is gross, oppressive, or aggravated, or where it involves breach of trust or confidence"). Delaware courts refer to the RESTATEMENT (SECOND) OF TORTS in framing the punitive damages analysis. *See Jardel Co. v. Hughes*, 523 A.2d 518, 529 (Del. 1987) (citing RESTATEMENT (SECOND) OF TORTS § 908) (noting the dual purpose of punitive damages reflected in the Restatement).

Under the Restatement, courts, in assessing punitive damages, may consider (1) the character of the defendant's act, (2) the nature and extent of the harm to the plaintiff caused by the defendant, and (3) the wealth of the defendant. RESTATEMENT (SECOND) OF TORTS § 908. "Within that framework, courts have discretion in determining an appropriate punitive damages award on default judgment." *Stewart Title Guar. Co. v. 2485 Calle Del Oro, LLC*, 2018 WL 3222610, at *22 (S.D. Cal. June 19, 2018). Deterring future conduct is a primary motivator in awarding punitive damages. *Id.* "The wealth of the defendant is also relevant, since the purposes of exemplary damages are to punish for a past event and to prevent future offenses, and the degree of punishment or deterrence resulting from a judgment is to some extent in proportion to the means of the guilty person." RESTATEMENT (SECOND) OF TORTS § 908 (Comment (e)). The award of punitive damages may be considered in proportion to the award of compensatory damages, but courts must bear in mind that "compensatory damages have already made the victim 'whole.'" *Malcolm v. Little*, 295 A.2d 711, 714 (Del. 1972).

Here, Plaintiffs provide no additional information in their motions for default judgment to support an award of punitive damages. Specifically, the Court lacks

information regarding the wealth of OtoPilot, LLC or Daniel Rodriguez to assess whether punitive damages requested is appropriate or too much to deter Defendants from breaching contracts or committing fraud in the future. *See Stewart Title Guar. Co.*, 2018 WL 3222610, at *22 (declining to award punitive damages when information on wealth of Defendants and deterrence was not provided). Given the undeveloped factual record by Plaintiffs, the requested punitive damages award is unwarranted. Compensatory damages are sufficient to make Plaintiffs whole. See *Malcolm*, 295 A.2d at 714.

### III.   Attorneys' Fees and Costs

Plaintiffs seek $48,457.50 in attorneys' fees and $402.00 in costs. A grant of attorneys' fees and costs is proper upon filing a post-judgment motion for fees in strict compliance with Local Rule of Civil Procedure 54.2. If Plaintiffs decide to file a separate motion for fees, Plaintiffs are advised a declaration of attorneys stating their hourly rate and hours expended on the matter is insufficient to comply with LRCiv 54.2. Rather, they must provide task-based itemized statements pursuant to LRCiv 54.2(e), among other things.

Accordingly,

**IT IS ORDERED** Plaintiffs' Motions for Default Judgment (Docs. 52, 53) are **GRANTED IN PART** and **DENIED IN PART**. The Clerk of Court is directed to enter judgment in favor of Plaintiffs and against Defendants OtoPilot, LLC and Daniel Rodriguez in the amount of $183,336.46 in damages. This amount shall be subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** Plaintiffs shall show cause as to why the breach of contract claim against Defendant Robert Rodriguez (Count IV) should not be dismissed in light of this order granting default judgment on Plaintiffs' fraudulent inducement claim (Count V), pled alternatively, and the election of remedies doctrine in a memorandum to be filed no later than **November 8, 2024**.

. . .

. . .

**IT IS FURTHER ORDERED** Plaintiffs may file a motion for attorneys' fees pursuant to LRCiv 54.2 no later than **November 15, 2024**.

Dated this 1st day of November, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge