**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Finite Management LLC, et al., | No. CV-23-02479-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| OtoPilot LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Attorneys' Fees ("Motion") (Doc. 62, "Mot.") seeking **$45,730.00** in fees. For the reasons that follow, the Court will grant Plaintiff's Motion and award fees in the full amount.

## BACKGROUND

Plaintiffs filed this suit for breach of several contracts and fraudulent inducement with respect those contracts against OtoPilot LLC, Daniel Rodriguez, and Robert Rodriguez (Doc. 1). Defendants OtoPilot LLC and Daniel Rodriguez ("Defaulted Defendants") were properly served (Docs. 46, 47) but failed to answer or otherwise participate in the action. The Court granted default judgment against the Defaulted Defendants in the amount of $183,333.46 (Doc. 60).[1]

---

[1] In the November 11, 2024 Order granting default judgment against the Defaulted Defendants, the Court ordered Plaintiffs to show cause as to why the breach of contract claim against Robert Rodriguez (Count IV) should not be dismissed in light of Plaintiffs' alternative pleadings and the election of remedies doctrine. Plaintiffs did not file the memorandum as ordered but have not indicated any opposition to dismissing the claim against Robert Rodriguez in their fees motion. (Mot. at 2 n.1). Thus, the claim against Robert Rodriguez will be dismissed with prejudice.

# ATTORNEYS' FEES

## I. ENTITLEMENT AND ELIGIBILITY TO FEES

Plaintiffs request $45,730.00 in attorneys' fees in accordance with Federal Rule of Civil Procedure 54, Local Rule of Civil Procedure 54.2, and the terms of the breached contracts at issue. By their own terms, the contracts are governed by Delaware law. (Doc. 1-1 at 10 (8(e))). "Delaware generally follows the American Rule, under which litigants are responsible for their own attorneys' fees…One exception to the American Rule is found in contract litigation that involves a fee-shifting provision. In contract litigation, where the contract contains a fee-shifting provision, we will enforce that provision." *Bako Pathology LP v. Bakotic*, 288 A. 3d 252, 280 (Del. 2022). The Term Loan Agreement and the Promissory Note both contain a fee-shifting provision stating, "[i]f Lender institutes a judicial action to collect on this Promissory Note, Borrower promises to pay reasonable attorneys' fees awarded by the court." (Doc. 1-1 at 35, Miscellaneous). Because Plaintiffs instituted this lawsuit and prevailed, the Court finds they are eligible for, and entitled to, attorneys' fees.

## II. REASONABLENESS OF REQUESTED AWARD

While the contract provides for a grant of attorneys' fees, "the amount of the award is within the discretion of the court," *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971). Courts "employ the 'lodestar' method to determine a reasonable attorney's fees award." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citing *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)). Courts calculate the lodestar figure by "multiplying the number of hours reasonably expended on a case by a reasonable hourly rate." *Id.*

After calculating the lodestar figure, a Court may reduce or increase the award based on a variety of factors. Those factors include: (1) the time and labor required, (2) the novelty and difficulty of the legal questions involved, (3) the skill required to perform the legal service properly, (4) other employment precluded due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the

experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) ("*Kerr* factors").[2] The lodestar calculation normally subsumes some of these factors such that the Court need not consider them again after determining the lodestar. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 (9th Cir. 2013) (identifying factors often considered when calculating lodestar).

### A. Hourly Rates

The first question is whether Plaintiffs' asserted rate is reasonable. "A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." *Sw. Fair Hous. Council v. WG Scottsdale LLC*, No. 19-00180, 2022 WL 16715613 at *3 (D. Ariz. Nov. 4, 2022) (citing *Kelly*, 822 F.3d at 1099). And "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiffs assert an hourly rate of $475 for partners, $325 for associates, and $200 for paralegals. (Mot. at 4). According to the declaration of Anthony D. Phillips, lead counsel on this matter, he has over 15 years of experience practicing complex commercial litigation. (Doc. 62-1 at ¶ 5). He contends the hourly rates asserted for himself and his colleagues are reasonable when measured by common standards, such as the Laffey Matrix. (*Id.* at ¶ 10). Mr. Phillips avers the rates requested by Plaintiffs fall below the reasonably hourly rates reported by the Laffey Matrix for 2023-24, which are $878 for partners, $538 for associates, and $239 for paralegals. (*Id.* at ¶ 11). The Court finds Plaintiffs' requested hourly rates are reasonable.

/ / /

---

[2] Local Rule 54.2 also lists factors the Court must address when determining the reasonableness of the requested award. These factors are largely duplicative of the *Kerr* factors.

### B. Hours Expended

Under the lodestar method, the prevailing party is generally entitled to recover fees for "every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 486 (D. Ariz. 2019) (quoting *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982)). Courts may "exclude from this initial fee calculation hours that were not reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (internal quotations removed); s*ee also McKown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) ("In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary.").

Plaintiffs submits a log of time counsel expended on the present case with a total of 123.9 hours (Doc. 62-1, Ex. B). Having carefully considered the time and labor reasonably required for each task on Plaintiffs' activity log, the Court finds that each of the entries are reasonable. First, although the case resulted in default judgment, Plaintiffs contend the case involved tricky alternative service and choice of law issues. (Mot at 4). Second, Plaintiffs obtained a complete recovery of their damages sought under the contracts. (*Id.*). Third, the amount of Plaintiffs' requested fees is on par with similar breach of contract cases resulting in default judgment. (*Id.* at 6). For example, in *Praskash Jones v. Morris + D'Angelo*, 2024 WL 4428980, at *11 (N.D. Cal., Oct. 4, 2024, the court found counsel reasonably incurred $46,660.00 in attorneys' fees in a breach of contract claim resulting in default judgment ($650 hourly rate for 94.9 hours expended). Similarly, in *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1069 (N.D. Cal. 2010), the court found counsel reasonably incurred $65,038.20 in attorneys' fees in a case involving trademark and breach of contract claims resulting in a default judgment. The remaining *Kerr* factors do not warrant adjustment of the lodestar figure. Thus, the Court will award attorneys' fees in the amount of **$45,730.00**.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for an Award of Attorneys' Fees (Doc. 62) is **GRANTED**. The Court awards Plaintiff **$45,730.00** in attorneys' fees.

**IT IS FURTHER ORDERED** the claims against Robert Rodriguez are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

Dated this 30th day of December, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge